FILED

AUG 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30213 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00103-RRB-1 |
| v. | |
| DANNY MICHAEL HARVEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted July 27, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Danny Michael Harvey appeals his conviction and sentence. He raises

several arguments, but his primary position is that the district court should have

dismissed the indictment, either as a matter of due process or in the exercise of the

district court's supervisory authority. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

A district court may dismiss an indictment with prejudice if the government engages in conduct that is so outrageous that it amounts to a due-process violation or, in certain circumstances, in the exercise of its supervisory authority. *See United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). We address each theory in turn. We do not describe the challenged conduct, with which the parties are familiar.

To justify dismissing an indictment on the basis of outrageous conduct, "the Government's conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991). Additionally, the conduct must have violated "some protected right of the *defendant*" to justify reversal. *United States v. Payner*, 447 U.S. 727, 737 n.9 (1980); *see also United States v. Struckman*, No. 08-30312, 2010 WL 2573211, at *10 (9th Cir. June 29, 2010). No protected right of Harvey's was violated here. We have approved analogous conduct when appropriately controlled, and there is no reason to believe that Harvey's reaction would have been any different if appropriate controls had been in place. *See United States v. Mitchell*, 915 F.2d 521, 526 (9th Cir. 1990).

Turning to the district court's refusal to dismiss the indictment in the exercise of its supervisory authority, we note first that the district court did

expressly consider this theory in its order concerning Harvey's motion to dismiss the second superseding indictment. The district court determined that it had sufficiently exercised its supervisory responsibilities both by suppressing certain evidence and by referring the questionable conduct to two agencies for review. We agree.

We review the district court's determination for abuse of discretion. *See United States v. Chapman*, 524 F.3d 1073, 1086 (9th Cir. 2008). In reviewing the district court's decision, we consider whether there has been flagrant misconduct, whether that conduct resulted in substantial prejudice to the defendant, and whether any lesser remedial action was available. *See id.* at 1087. The government asserts that only prosecutorial misconduct can justify a court's exercise of supervisory authority, but our cases do not support that limitation. *Cf. United States v. Simpson*, 927 F.2d 1088, 1090 (9th Cir. 1991) ("Unless the law enforcement officers break the law, the court has no authority to sanction them."). Yet as we discussed above, Harvey suffered no prejudice from the government's conduct. And the district court demonstrated that a lesser remedial action was available by taking it. Refusing to dismiss the indictment was not an abuse of discretion.

Harvey also contends that the district court erred by granting the government's motion in limine concerning the cross-examination of the agent who

investigated Harvey's case. We need not reach the question whether the district court abused its discretion, because any error was harmless beyond a reasonable doubt. *See United States v. Larson*, 495 F.3d 1094, 1107–08 (9th Cir. 2007) (en banc). The evidence against Harvey, including chat transcripts, emails, and the physical evidence that Harvey carried with him to Alaska, overwhelmingly supports his convictions. Impeaching the agent would not have affected the outcome. Allowing expanded cross-examination would not have changed the result.

Harvey next suggests that the district court failed to rule on whether evidence that had been suppressed at trial could be considered at sentencing and whether Harvey should have the right to confront witnesses against him during the sentencing hearing. The transcript of the sentencing hearing contradicts this assertion. The district court ruled, correctly, that it could consider both the suppressed evidence and the hearsay concerning Harvey's prior conduct. *See United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006); *United States v. Haynes*, 216 F.3d 789, 801 (9th Cir. 2000).

Harvey finally argues that his sentence was substantively unreasonable. Harvey frames the argument as procedural, asserting that the district court reneged on a promise not to place undue emphasis on conduct that Harvey engaged in

earlier in his life. But the district court's weighing of "the history and characteristics of the defendant" goes to a sentence's substantive reasonableness. 18 U.S.C. § 3553(a)(1). We review for abuse of discretion. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Harvey's conviction for attempting to violate 18 U.S.C. § 2241 required the district court to impose a mandatory minimum sentence of thirty years. After considering not only Harvey's prior conduct, but also his lack of remorse, the vulnerability of his intended victim, the danger he posed to the public, and his convictions on three additional counts, including two that involved actual victims, the district court sentenced Harvey to thirty-six years' imprisonment. Considering the totality of the circumstances, including the variance below the Guidelines range of life imprisonment, the sentence was substantively reasonable and was not an abuse of the district court's discretion. *See Carty*, 520 F.3d at 993.

**AFFIRMED.**